Filed 8/24/15  P. v. Zeiszler CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANIEL ZEISZLER,<br><br>    Defendant and Appellant. | A144596<br><br>(San Mateo County Super. Ct. Nos. SC080745, SC082219) |

Daniel Zeiszler appeals from a judgment entered after his no contest pleas to charges of resisting a peace officer and assault with a deadly weapon on a custodial officer.  (Pen. Code, §§ 148.10, subd. (a), 245.3.)  His attorney has filed a brief seeking our independent review of the record, pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (see *Anders v. California* (1967) 386 U.S. 738), in order to determine whether there is any arguable issue on appeal.  We find no arguable issue and affirm.

I.  FACTS AND PROCEDURAL HISTORY

An information filed in San Mateo County Superior Court case No. SC080745 charged Zeiszler with resisting a peace officer in February 2014 (Pen. Code, § 148.10, subd. (a)).[1]  It further alleged that he had served two prior prison terms within the meaning of section 667.5, subdivision (b).

---

[1]    All statutory references are to the Penal Code.

1

An information filed in San Mateo County Superior Court case No. SC080914 charged Zeiszler with committing the following crimes in March 2014: resisting a peace officer (§ 148.10, subd. (a)); assault with a deadly weapon on a peace officer (§ 245, subd. (c)); and battery on a custodial officer (§ 243, subd. (c)(1)). The information further alleged, as to the last two counts, that Zeiszler personally inflicted great bodily injury within the meaning of section 12022.7, subdivision (a). It was also alleged that he had served two prior prison terms.

An information filed in San Mateo County Superior Court case No. SC082219 charged Zeiszler with committing the following crimes in July 2014: attempted escape from custody (§ 4532, subd. (b)(1)); destruction of jail property in excess of $950 (§ 4600); interfering with an executive officer (§ 69); and assault with a deadly weapon on a custodial officer (§ 245.3). As to the count for attempted escape from custody, it was alleged that Zeiszler personally used a deadly or dangerous weapon within the meaning of section 12022, subdivision (b). As to the count for assault with a deadly weapon on a custodial officer, it was alleged that the offense was a serious felony under section 1192.7, subdivision (c). The information further alleged that Zeiszler had served two prior prison terms.

In June 6, 2014, the trial court granted the prosecutor's motion to consolidate case Nos. SC080745 and SC080914.

On November 4, 2014, the court heard and denied a motion Zeiszler had made under *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*) in case No. SC082219. The court heard and denied a second *Marsden* motion by Zeiszler on December 15, 2014.

On December 29, 2014, Zeiszler filed a handwritten notice of appeal from the denials of his *Marsden* motions (appeal No. A143889). We dismissed that appeal as premature, because he filed it before he was sentenced.

On January 23, 2015, while represented by counsel, Zeiszler entered into written plea agreements in case No. SC080745 and case No. SC082219. Pursuant to those agreements, he waived his constitutional rights and entered a plea of no contest to resisting a peace officer (§ 148.10, subd. (a)) in case No. SC080745, and a plea of

2

no contest to assault with a deadly weapon on a custodial officer (§ 245.3) in case No. SC082219. As to the latter count, he also admitted the serious felony allegation under section 1192.7, subdivision (c). His written plea agreements indicated he would be sentenced to three years in state prison in case No. SC082219, to be served concurrently with a sentence in case No. SC080745.

The prosecutor offered a factual basis for the pleas. As to case No. SC080745, the prosecutor stated that Zeiszler resisted a peace officer in a courtroom holding cell on February 7, 2014: When Deputy Moody called his name several times and told him to prepare for court, Zeiszler responded by reaching for Moody's face, Deputy Platt "bear hugged" Zeiszler from behind, Platt and Zeiszler fell to the ground, and Platt banged his knee on a bench and suffered a torn meniscus. As to case No. SC082219, the prosecutor stated that Zeiszler assaulted a custodial officer on July 23, 2014, by assuming a batter's stance with a 15-pound, three-and-a-half-foot metal bar.

The court imposed sentence. In case No. SC080745, the court imposed the midterm of three years and awarded Zeiszler 685 days of presentence credit (343 actual days plus 342 good time/work time). In case No. SC082219, the court imposed the low term of three years to be served concurrent with the sentence in case No. SC080745, awarded 293 days of presentence credit (147 actual days plus 146 good time/work time), and ordered Zeiszler to pay $12,897 in victim restitution. In each case, the court imposed a $300 restitution fine, a $300 parole revocation fine (stayed), a $40 court security fee, and a $30 conviction assessment. The court dismissed all remaining counts and allegations.

Zeiszler filed a notice of appeal in case Nos. SC080745 and SC082219, challenging the validity of the plea and claiming ineffective assistance of counsel and the filing of erroneous charges. He also sought a certificate of probable cause in both matters, based on ineffective assistance of counsel (due to counsel's alleged failure to file motions, including a motion necessary for a defense of selective prosecution) and the court's denial of his *Marsden* motions. The court granted the certificate of probable cause.

3

## II.  DISCUSSION

Zeiszler's appellate counsel represents in the opening brief in this appeal that counsel wrote to Zeiszler and advised him of the filing of a *Wende* brief and his opportunity to file a supplemental brief with the court within 30 days after the filing of the *Wende* brief.

We have not received any supplemental brief from Zeiszler.

We find no arguable issues on appeal.

There are no legal issues that require further briefing.[2]

## III.  DISPOSITION

The judgment is affirmed.

---

[2] On June 5, 2015, Zeiszler's attorney filed a request for judicial notice of the record in appeal No. A143889, since the superior court clerk prepared a record in this appeal that included only the proceedings occurring after the notice of appeal No. A143889. We grant the request.

4

 

_____

NEEDHAM, J.

We concur.

_____

JONES, P. J.

_____

BRUINIERS, J.

(A144596)